UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: WINDSOR WOOD CLAD WINDOW
PRODUCTS LIABILITY LITIGATION               MDL No. 2688

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in an action (*Ritchie*) pending in the District of South Carolina moves under 28 U.S.C. § 1407 to centralize the four actions listed on the attached Schedule A in the Eastern District of Wisconsin, where another of the actions is pending. The two other constituent actions are pending in the Northern District of Illinois and the District of Minnesota. The Panel has been informed of three additional related federal actions, which are pending in the Southern District of Indiana, the Western District of New York, and the Eastern District of Wisconsin.[1]

Common defendants Windsor Window Company and Woodgrain Millwork, Inc. (collectively Windsor) oppose centralization. If the Panel orders centralization over Windsor's objections, then the company favors selection of the District of South Carolina as transferee district.

On the basis of the papers filed and the hearing session held, we find that centralization in the Eastern District of Wisconsin will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions – all of which are either putative nationwide or statewide class actions – share factual questions arising from allegations that windows in two Windsor product lines, Pinnacle and Legend Hybrid, are defective in that purported deficiencies in Windsor's design, engineering, and manufacturing practices[2] cause the windows to leak, and the leaks eventually result in wood rot. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary.

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Plaintiffs point to, *inter alia*, allegedly inadequate sealing of the windows, as well as problems with the windows' cladding that cause or contribute to an increase in the windows' moisture content.

-2-

In opposing centralization, Windsor argues that informal coordination and cooperation by the involved parties and courts are preferable to an MDL. We find this argument unconvincing. Given the number of actions and districts, as well as the involvement of a number of unique plaintiffs' counsel, we conclude that formal centralization under Section 1407 is warranted.

We select the Eastern District of Wisconsin as the transferee district for this litigation. Two related actions already are pending in this district. The Honorable Lynn S. Adelman, to whom we assign this litigation, is an experienced jurist, and we are confident that he will steer the proceedings on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Wisconsin are transferred to the Eastern District of Wisconsin, and, with the consent of that court, assigned to the Honorable Lynn S. Adelman for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Marjorie O. Rendell     Charles R. Breyer
Lewis A. Kaplan     Ellen Segal Huvelle
R. David Proctor     Catherine D. Perry

**IN RE: WINDSOR WOOD CLAD WINDOW
PRODUCTS LIABILITY LITIGATION**          MDL No. 2688

## SCHEDULE A

<u>Northern District of Illinois</u>

KOTY, ET AL. v. WINDSOR WINDOW COMPANY, ET AL., C.A. No. 1:15-05343

<u>District of Minnesota</u>

SCHILLER, ET AL. v. WINDSOR WOOD COMPANY, ET AL., C.A. No. 0:15-01932

<u>District of South Carolina</u>

RITCHIE v. WINDSOR WOOD COMPANY, ET AL., C.A. No. 9:14-04734

<u>Eastern District of Wisconsin</u>

DAVIA, ET AL. v. WINDSOR WOOD COMPANY, ET AL., C.A. No. 2:15-01041